IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

MARC HEUCHELIN,

    Plaintiff,

vs.

CAROLYN W. COLVIN,
Commissioner of Social Security,

    Defendant.

No. C15-1033

RULING ON JUDICIAL REVIEW

TABLE OF CONTENTS

I.   INTRODUCTION .................................. 1

II.  PRINCIPLES OF REVIEW .......................... 2

III. FACTUAL AND PROCEDURAL BACKGROUND .............. 3

IV. CONCLUSIONS OF LAW ............................. 4
    A.  ALJ's Disability Determination ............. 4
    B.  Objections Raised By Claimant .............. 7
        1.  Credibility Determination .............. 7
        2.  RFC Assessment ........................ 12

V.  CONCLUSION .................................... 15

VI. ORDER ......................................... 16

*I. INTRODUCTION*

This matter comes before the Court on the Complaint (docket number 4) filed by Plaintiff Marc Heuchelin on November 5, 2015, requesting judicial review of the Social Security Commissioner's decision to deny his application for Title II disability insurance

benefits.[1] Heuchelin asks the Court to reverse the decision of the Social Security Commissioner ("Commissioner") and order the Commissioner to provide him disability insurance benefits. In the alternative, Heuchelin requests the Court to remand this matter for further proceedings.

## II. PRINCIPLES OF REVIEW

The Commissioner's final determination not to award disability insurance benefits following an administrative hearing is subject to judicial review. 42 U.S.C. § 405(g). The Court has the authority to "enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing." *Id.* The Commissioner's final determination not to award SSI benefits is subject to judicial review to the same extent as provided in 42 U.S.C. § 405(g). 42 U.S.C. § 1383(c)(3).

The Court "'must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole.'" *Bernard v. Colvin*, 774 F.3d 482, 486 (8th Cir. 2014). Substantial evidence is defined as less than a preponderance of the evidence, but is relevant evidence a "'reasonable mind would find adequate to support the commissioner's conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014). In determining whether the ALJ's decision meets this standard, the Court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005) (citation omitted). "The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). The Court not only considers the evidence which supports the ALJ's decision, but also the evidence that detracts from his or her decision. *Perks v. Astrue*, 687 F.3d 1086, 1091 (8th Cir. 2012)

---

[1] On April 5, 2016, both parties consented to proceed before a magistrate judge in this matter pursuant to the provisions set forth in 28 U.S.C. § 636(c).

In *Culbertson v. Shalala*, the Eighth Circuit Court of Appeals explained this standard as follows:

> This standard is "'something less than the weight of the evidence and it allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal.'"

30 F.3d 934, 939 (8th Cir. 1994). In *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011), the Eighth Circuit further explained that a court "'will not disturb the denial of benefits so long as the ALJ's decision falls within the available 'zone of choice.'" "'An ALJ's decision is not outside that zone of choice simply because [a court] might have reached a different conclusion had [the court] been the initial finder of fact.'" *Id*. Therefore, "even if inconsistent conclusions may be drawn from the evidence, the agency's decision will be upheld if it is supported by substantial evidence on the record as a whole." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). *See also Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) ("'As long as substantial evidence in the record supports the Commissioner's decision, [the court] may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because [the court] would have decided the case differently.' *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002).").

## III. FACTUAL AND PROCEDURAL BACKGROUND

Heuchelin was born in 1964. He is a high school graduate. He also earned a diploma from a culinary arts school. In the past, Heuchelin worked as a delivery driver and truck driver.

Heuchelin filed his application for disability insurance benefits on June 5, 2012, alleging disability due to a head injury, lightheadedness, dizziness, diabetes, heart attack, and right eye injury. He alleged he became disabled on September 21, 2011. His application was denied upon initial review, and on reconsideration. On January 3, 2014,

Heuchelin appeared via video conference with his attorney before Administrative Law Judge ("ALJ") Eric E. Basse for an administrative hearing.[2] In a decision dated April 18, 2014, the ALJ denied Heuchelin's claim. The ALJ determined Heuchelin was not disabled and not entitled to disability insurance benefits because he was functionally capable of performing work that exists in significant numbers in the national economy. Heuchelin appealed the ALJ's decision. On September 22, 2015, the Appeals Council denied Heuchelin's request for review. Consequently, the ALJ's April 18, 2014 decision was adopted as the Commissioner's final decision.

On November 5, 2015, Heuchelin filed the instant action for judicial review. A briefing schedule was entered on January 14, 2016. On April 13, 2016, Heuchelin filed a brief arguing there is not substantial evidence in the record to support the ALJ's finding that he is not disabled and that he is functionally capable of performing other work that exists in significant numbers in the national economy. On May 3, 2016, the Commissioner filed a responsive brief arguing the ALJ's decision was correct and asking the Court to affirm the ALJ's decision. Heuchelin filed a reply brief on May 23, 2016.

Additionally, on March 17, 2016, the parties filed a joint statement of facts addressing Heuchelin's background, the case's procedural history, testimony from the administrative hearing, and Heuchelin's medical history. *See* docket number 15. The parties' joint statement of facts is hereby incorporated by reference. Further discussion of pertinent facts will be addressed, as necessary, in the Court's consideration of the legal issues presented.

---

[2] At the administrative hearing, Heuchelin was represented by attorney Thad J. Murphy. On appeal, Heuchelin is represented by attorney Jodee R. Dietzenbach.

## IV. CONCLUSIONS OF LAW

### A. ALJ's Disability Determination

The ALJ determined Heuchelin was not disabled. In making this determination, the ALJ was required to complete the five-step sequential test provided in the social security regulations. *See* 20 C.F.R. § 404.1520(a)-(g); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); *Moore v. Colvin*, 769 F.3d 987, 988 (8th Cir. 2014). The five steps an ALJ must consider are:

> (1) whether the claimant is currently employed; (2) whether the claimant is severely impaired; (3) whether the impairment is or approximates an impairment listed in Appendix 1; (4) whether the claimant can perform past relevant work; and, if not, (5) whether the claimant can perform any other kind of work.

*Hill v. Colvin*, 753 F.3d 798, 800 (8th Cir. 2014); *see also* 20 C.F.R. § 404.1520(a)-(g). "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006).

In considering the steps in the five-step process, the ALJ:

> first determines if the claimant engaged in substantial gainful activity. If so, the claimant is not disabled. Second, the ALJ determines whether the claimant has a severe medical impairment that has lasted, or is expected to last, at least 12 months. Third, the ALJ considers the severity of the impairment, specifically whether it meets or equals one of the listed impairments. If the ALJ finds a severe impairment that meets the duration requirement, and meets or equals a listed impairment, then the claimant is disabled. However, the fourth step asks whether the claimant has the residual functional capacity to do past relevant work. If so, the claimant is not disabled. Fifth, the ALJ determines whether the claimant can perform other jobs in the economy. If so, the claimant is not disabled.

*Kluesner v. Astrue*, 607 F.3d 533, 537 (8th Cir. 2010). At the fourth step, the claimant "'bears the burden of demonstrating an inability to return to [his] or her past relevant work.'" *Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010). If the claimant meets this burden, the burden shifts to the Commissioner at step five to demonstrate that "'the claimant has the physical residual functional capacity to perform a significant number of other jobs in the national economy that are consistent with [his or] her impairments and vocational factors such as age, education, and work experience.'" *Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012). The RFC is the most an individual can do despite the combined effect of all of his or her credible limitations. 20 C.F.R. § 404.1545(a); *Toland v. Colvin*, 761 F.3d 931, 935 (8th Cir. 2014). The ALJ bears the responsibility for determining "'a claimant's RFC based on all the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [his or] her limitations.'" *Myers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013); 20 C.F.R. § 404.1545.

The ALJ applied the first step of the analysis and determined Heuchelin had not engaged in substantial gainful activity since September 21, 2011. At the second step, the ALJ concluded from the medical evidence Heuchelin has the following severe impairments: coronary artery disease, status-post myocardial infarction with associated stent placement, obesity, and a traumatic brain injury with post-concussion syndrome. At the third step, the ALJ found Heuchelin did not have an impairment or combination of impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. At the fourth step, the ALJ determined Heuchelin's RFC as follows:

> [Heuchelin] has the residual functional capacity to perform light work . . . except for the following nonexertional limitations that further limit his ability to perform light work: he can occasionally climb ramps and stairs, but should never climb ladders, ropes, or scaffolds; he can occasionally balance, stoop, kneel, crouch, and crawl; he should avoid

>     concentrated exposure to extremes of cold; and should avoid
>     all exposure to hazardous conditions such as unprotected
>     heights and moving machinery.

(Administrative Record at 12.) Also at the fourth step, the ALJ determined Heuchelin is unable to perform his past relevant work. At the fifth step, the ALJ determined that based on his age, education, previous work experience, and RFC, Heuchelin could work at jobs that exist in significant numbers in the national economy. Therefore, the ALJ concluded Heuchelin was not disabled.

### B. Objections Raised By Claimant

Heuchelin argues the ALJ erred in two respects. First, Heuchelin argues the ALJ failed to properly evaluate his subjective allegations of disability. Second, Heuchelin argues the ALJ's RFC assessment is flawed because it is not supported by substantial evidence or a fully and fairly developed record.

#### 1. Credibility Determination

Heuchelin argues the ALJ failed to properly evaluate his subjective allegations of pain and disability. Specifically, Heuchelin argues the ALJ failed to consider whether the lack of objective evidence for his subjective complaints of lightheadedness and dizziness is attributable to somatoform disorder. Heuchelin maintains the ALJ should have considered somatoform disorder in determining his credibility, and the ALJ's failure to do so requires remand.

In *Metz v. Shalala*, 49 F.3d 374 (8th Cir. 1995), the Eighth Circuit addressed the relationship between somatoform disorder and an ALJ's credibility determination. The Eighth Circuit explained:

>     Metz attributes the discrepancies between the objective medical
>     evidence and his alleged disabilities to a somatoform disorder,
>     a psychiatric disorder which causes the sufferer to have a
>     distorted perception of physical ailments. In cases involving
>     somatoform disorder, we have stated that an ALJ is not free to
>     reject subjective experiences without an express finding that

7

the claimant's testimony is not credible. . . . Here, the ALJ stated that he found Metz's testimony incredible and explained why. In light of this express determination, we will not reverse the ALJ "simply because some evidence may support the opposite conclusion."

*Id.* at 377 (Quotation omitted).

In this case, no doctor or medical source diagnosed Heuchelin with somatoform disorder. Neurological testing in November 2011, shortly after Heuchelin fell off a truck resulting in a concussion, was normal. Dr. Scott D. Geisler, M.D., diagnosed Heuchelin with post-concussion syndrome characterized by dizziness. Dr. Geisler did not prescribe medication for Heuchelin. Instead, Dr. Geisler recommended regular exercise and healthy diet as treatment. In September 2013, Heuchelin underwent a neuropsychological assessment. Dr. R.D. Jones, Ph.D., found no evidence of brain damage or dysfunction from a cognitive perspective. Psychologically, Dr. Jones noted Heuchelin self-identified depression and anxiety, but he was not diagnosed with either mental health problem. Dr. Jones also opined Heuchelin "may have a tendency to complain of somatic symptoms selectively."[3] Dr. Jones further indicated "measures intended to assess somatizing features . . . were highly elevated."[4] Though some evidence from the evaluation suggested somatoform disorder, Dr. Jones did not diagnose Heuchelin with somatoform disorder. In December 2013, Dr. Deema Fattal, M.D., found Heuchelin's MRI, neuropsychological testing, and ENG to be normal. Dr. Fattal only diagnosed Heuchelin with dizziness, based on possible post-concussive symptoms, even though balance and dizziness testing was normal. According to the treatment notes, Dr. Fattal's work-up included consideration of somatoform disorder and, again, Dr. Fattal did not diagnose Heuchelin with somatoform disorder.

---

[3] Administrative Record at 482.

[4] *Id.*

8

Furthermore, in his decision, the ALJ fully addressed and considered the opinions provided by Dr. Geisler, Dr. Jones, and Dr. Fattal, and pointed out that none of these neurological doctors diagnosed Heuchelin with somatoform disorder. Nevertheless, the ALJ addressed somatoform disorder in his decision:

> At the hearing, [Heuchelin's] representative suggested that [Heuchelin] has a somatoform disorder that meets or equals severity of listing 12.07. However, similar to above, the evidence of record contains no findings that [Heuchelin's] alleged somatoform disorder resulted from anatomical, physiological, or psychological abnormalities that were demonstrable by medically acceptable clinical or laboratory diagnostic techniques. Thus, [Heuchelin's] alleged somatoform disorder is not further developed or analyzed for purposes of this decision because it is a non-medically determinable impairment.

(Administrative Record at 12.) In other words, Heuchelin was never diagnosed with somatoform disorder, and has not shown his alleged somatoform disorder is a severe impairment. *See Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007) (providing the burden is on the claimant to establish his or her impairment(s) is severe).

Accordingly, the Court concludes the ALJ adequately addressed the limited evidence provided in the record regarding Heuchelin's alleged somatoform disorder. *See Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) ("Although required to develop the record fully and fairly, an ALJ is not required to discuss every piece of evidence submitted."). Failure to cite specific evidence does not indicate that the evidence was not considered by the ALJ. *Id.* (citing *Montgomery v. Chater*, 69 F.3d 273, 275 (8th Cir. 1995)).

Turning to the ALJ's overall credibility determination for Heuchelin, Social Security law requires that when assessing a claimant's credibility, "[t]he [ALJ] must give full consideration to all the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and

examining physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; [and] (5) functional restrictions." *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). An ALJ should also consider a "a claimant's work history and the absence of objective medical evidence to support the claimant's complaints[.]" *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). The ALJ, however, may not disregard a claimant's subjective complaints "'solely because the objective medical evidence does not fully support them.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1066 (8th Cir. 2012).

Instead, an ALJ may discount a claimant's subjective complaints "if there are inconsistencies in the record as a whole." *Wildman v. Astrue*, 596 F.3d 959, 968 ((8th Cir. 2010); *see also Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000) ("The ALJ may not discount a claimant's complaints solely because they are not fully supported by the objective medical evidence, but the complaints may be discounted based on inconsistencies in the record as a whole."). If an ALJ discounts a claimant's subjective complaints, he or she is required to "'make an express credibility determination, detailing the reasons for discounting the testimony, setting forth the inconsistencies, and discussing the *Polaski* factors.'" *Renstrom*, 680 F.3d at 1066; *see also Ford v. Astrue*, 518 F.3d 979, 982 (8th Cir. 2008) (An ALJ is "required to 'detail the reasons for discrediting the testimony and set forth the inconsistencies found.' *Lewis v. Barnhart*, 353 F.3d 642, 647 (8th Cir. 2003)."). Where an ALJ seriously considers, but for good reason explicitly discredits a claimant's subjective complaints, the Court will not disturb the ALJ's credibility determination. *Johnson v. Apfel*, 240 F.3d 1145, 1148 (8th Cir. 2001); *see also Schultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007) (providing that deference is given to an ALJ when the ALJ explicitly discredits a claimant's testimony and gives good reason for doing so); *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003) ("If an ALJ explicitly

discredits the claimant's testimony and gives good reasons for doing so, we will normally defer to the ALJ's credibility determination."). "'The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts.'" *Vossen v. Astrue*, 612 F.3d 1011, 1017 (8th Cir. 2010).

In his decision, the ALJ addressed Heuchelin's subjective allegations of disability as follows:

> Based on [Heuchelin's] subjective allegations, [his] most significant symptomatic limitation is his alleged dizziness/lightheadedness symptoms. However, as noted above, there is minimal objective evidence to support [Heuchelin's] subjective allegations specific to these symptoms.
>
> [Heuchelin] alleges that he requires the use of a cane at all times for balance assistance. However, the evidence of record fails to support that the use of a cane is necessary for ordinary balance and/or ambulation. In fact, through his testimony, [Heuchelin] acknowledged that his cane was not prescribed by a treating physician. Thus, all we are left with is to evaluate [his] credibility specific to the legitimacy of his subjective allegations regarding his alleged dizziness and associated balance difficulties.
>
> As noted above, there is minimal objective evidence to support [Heuchelin's] subjective allegations specific to symptoms. Additionally standardized testing findings from his September 2013 neuropsychological assessment with Dr. Jones indicate that [he] demonstrated tendencies to complain of somatic symptoms selectively, which has an adverse effect on [his] credibility regarding his alleged balance difficulties.
>
> In consideration of his subjective allegations compared to the objective evidence within the record, [Heuchelin] is given the benefit of the doubt that he is limited to light exertional work with the above-listed nonexertional limitations. This is also generally consistent with the fact that [he] was released to

11

> return to light-duty work shortly after his September 2011
> head injury, as discussed above.

(Administrative Record at 17-18.)

It is clear from his decision, the ALJ thoroughly considered and discussed Heuchelin's treatment history, the objective medical evidence, his functional restrictions, use of medications, and work history in making his credibility determination. Thus, having reviewed the entire record, the Court finds that the ALJ adequately considered and addressed the *Polaski* factors in determining Heuchelin's subjective allegations of disability were not credible. *See Johnson*, 240 F.3d at 1148; *see also Goff*, 421 F.3d at 791 (an ALJ is not required to explicitly discuss each *Polaski* factor, it is sufficient if the ALJ acknowledges and considers those factors before discounting a claimant's subjective complaints); *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004) ("The ALJ is not required to discuss each *Polaski* factor as long as the analytical framework is recognized and considered. *Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996)."). Accordingly, because the ALJ seriously considered, but for good reasons explicitly discredited Heuchelin's subjective complaints, the Court will not disturb the ALJ's credibility determination. *See Johnson*, 240 F.3d at 1148. Even if inconsistent conclusions could be drawn on this issue, the Court upholds the conclusions of the ALJ because they are supported by substantial evidence on the record as a whole. *Guilliams*, 393 F.3d at 801.

### 2. RFC Assessment

Heuchelin argues the ALJ's RFC assessment is flawed. Heuchelin maintains the ALJ's RFC assessment is not supported by substantial evidence. Heuchelin further asserts the ALJ failed to fully develop the record in making his RFC assessment for Heuchelin. In particular, Heuchelin argues the ALJ failed to fully develop the record with regard to his mental impairments, including depression, anxiety, and somatoform disorder. Therefore, Heuchelin concludes this matter should be remanded for a new RFC determination based on a fully and fairly developed record.

When an ALJ determines that a claimant is not disabled, he or she concludes that the claimant retains the residual functional capacity to perform a significant number of other jobs in the national economy that are consistent with claimant's impairments and vocational factors such as age, education, and work experience. *Beckley v. Apfel*, 152 F.3d 1056, 1059 (8th Cir. 1998). The ALJ is responsible for assessing a claimant's RFC, and his or her assessment must be based on all of the relevant evidence. *Guilliams*, 393 F.3d at 803. Relevant evidence for determining a claimant's RFC includes "'medical records, observations of treating physicians and others, and an individual's own description of his [or her] limitations.'" *Lacroix v. Barnhart*, 465 F.3d 881, 887 (8th Cir. 2006) (quoting *Strongson v. Barnhart*, 361 F.3d 1066, 1070 (8th Cir. 2004)). While an ALJ must consider all of the relevant evidence when determining a claimant's RFC, "the RFC is ultimately a medical question that must find at least some support in the medical evidence of record." *Casey v. Astrue*, 503 F.3d 687, 697 (8th Cir. 2007).

Additionally, an ALJ has a duty to develop the record fully and fairly. *Cox*, 495 F.3d at 618. Because an administrative hearing is a non-adversarial proceeding, the ALJ must develop the record fully and fairly in order that "'deserving claimants who apply for benefits receive justice.'" *Wilcutts*, 143 F.3d at 1138 (quoting *Battles v. Shalala*, 36 F.3d 43, 44 (8th Cir. 1994)); *see also Smith v. Barnhart*, 435 F.3d 926, 930 (8th Cir. 2006) ("A social security hearing is a non-adversarial proceeding, and the ALJ has a duty to fully develop the record."). "There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis." *Mouser v. Astrue*, 545 F.3d 634, 639 (8th Cir. 2008) (citation omitted).

In determining Heuchelin's depression and anxiety to be a non-severe impairments, the ALJ explained:

> Although [Heuchelin] has variously alleged having some
> anxiety and depression symptoms, the evidence of record

13

contains no findings that [his] alleged anxiety and depression resulted from anatomical, physiological, or psychological abnormalities that were demonstrable by medically acceptable clinical or laboratory diagnostic techniques. Thus, [Heuchelin's] alleged anxiety and depression are not futher developed or analyzed for purposes of this decision because they are non-medically determinable impairments.

(Administrative Record at 11-12.) The ALJ also addressed Heuchelin's allegation of suffering from somatoform disorder:

> At the hearing, [Heuchelin's] representative suggested that [Heuchelin] has a somatoform disorder that meets or equals severity of listing 12.07. However, similar to above, the evidence of record contains no findings that [Heuchelin's] alleged somatoform disorder resulted from anatomical, physiological, or psychological abnormalities that were demonstrable by medically acceptable clinical or laboratory diagnostic techniques. Thus, [Heuchelin's] alleged somatoform disorder is not further developed or analyzed for purposes of this decision because it is a non-medically determinable impairment.

(Administrative Record at 12.)

The record is void of any medical source diagnosis of depression, anxiety, or somatoform disorder. There is no evidence in the record Heuchelin was treated for depression, anxiety, or somatoform disorder. Finally, there is no evidence in the record, and Heuchelin put forth no evidence to support a finding of severe limitations for Heuchelin based on depression, anxiety, or somatoform disorder. *See Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007) (providing both if the impairment would only have a minimal effect on a claimant's ability to work, then it would not constitute a severe impairment, and the burden is on the claimant to establish his impairments are severe). The Court concludes the ALJ did not err in finding Heuchelin's alleged depression, anxiety, and somatoform disorder to be non-severe impairments.

Turning to the ALJ's overall RFC assessment, in his decision, the ALJ thoroughly addressed and considered Heuchelin's medical history and treatment for his complaints.[5] The ALJ also properly considered and thoroughly discussed Heuchelin's subjective allegations of disability in making his overall disability determination, including determining Heuchelin's RFC.[6] Therefore, having reviewed the entire record, the Court finds that the ALJ properly considered Heuchelin's medical records, observations of treating and non-treating physicians, and Heuchelin's own description of his limitations in making the ALJ's RFC assessment for Heuchelin.[7] *See Lacroix*, 465 F.3d at 887. Furthermore, the Court finds that the ALJ's decision is based on a fully and fairly developed record. *See Cox*, 495 F.3d at 618. Because the ALJ considered the medical evidence as a whole, the Court concludes that the ALJ made a proper RFC determination based on a fully and fairly developed record. *See Guilliams*, 393 F.3d at 803; *Cox*, 495 F.3d at 618. The Court concludes Heuchelin's assertion that the ALJ's RFC assessment is flawed is without merit.

## V. CONCLUSION

The Court finds the ALJ properly determined Heuchelin's credibility with regard to his subjective complaints of disability. Furthermore, the Court finds the ALJ considered the medical evidence as a whole, and made a proper RFC determination based on a fully and fairly developed record. Accordingly, the Court determines the ALJ's decision is supported by substantial evidence and shall be affirmed.

---

[5] *See* Administrative Record at 13-18 (providing a thorough discussion of Heuchelin's overall medical history and treatment).

[6] *Id.* at 17-18 (providing a thorough discussion of Heuchelin's subjective allegations of pain and disability).

[7] *Id.* at 13-18 (providing thorough discussion of the relevant evidence for making a proper RFC determination).

## VI. ORDER

1. The final decision of the Commissioner of Social Security is **AFFIRMED**;
2. Plaintiff's Complaint (docket number 4) is **DISMISSED** with prejudice; and
3. The Clerk of Court is directed to enter judgment accordingly.

DATED this 19th day of September, 2016.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA